## MERRIMACK Co. *v.* SULLIVAN Co.

"'Such poor and indigent person" as may be removed by the court to the county from which he was brought by virtue of sec. 11, chap. 67, Rev. Statutes, must be such an one as has been brought into and left in the county in violation of the provisions of sec. 10 of the same chapter.

Therefore the petition for removal in such cases should allege that the pauper was brought into such county by some person knowing him to be poor and indigent.

Whether such knowledge does not imply a culpable intent on the part of the person so leaving the pauper, *quære?*

THIS was a petition for the removal of a pauper, and was as follows:

"To the Supreme Judicial Court for the County of Merrimack, holden at Concord, in said County, on the First Tuesday of February, A. D. 1862:

Respectfully represents said County of Merrimack, that on the 4th day of December last, John M'Coy, a poor person, having no settlement in any town in said County of Merrimack, and no relatives therein of sufficient ability to maintain him, was brought from Lempster, in the County of Sullivan, where he had up to that time resided and been supported, into the said County of Merrimack, and there left; that said John M'Coy afterwards wandered into the town of Bow, where he has since been supported as a pauper, and the overseers of the poor of said Bow, have at the present term presented a claim for his support, against said County of Merrimack.

Wherefore, said County of Merrimack prays that this Honorable Court will make an order for the removal of said John M'Coy out of said County of Merrimack, and his return to Lempster, in the County of Sullivan, and cause the same to be carried into effect, pursuant to the provisions of the statute in such case made and provided.

THE COUNTY OF MERRIMACK.

By FOWLER & CHANDLER, <i>Att'ys.</i>"

To this petition the County of Sullivan demurs generally.

And the questions arising upon this demurrer were reserved for the determination of the whole court.

*Fowler & Chandler*, for plaintiff.

*Cushing*, for defendant.

SARGENT, J.    Chapter 67, sec. 10 Rev. Statutes, provides that "if any person shall bring and leave, or bring with intent to leave, any poor and indigent person having no visible means of support, into any county in this State, from any other county in which such poor person may have resided, or have been supported, such poor person not having a legal settlement in any town, nor any relation chargeable for his support within the county into which such poor person is brought, knowing him to be thus poor and indigent, he shall be punished by fine, not exceeding two hundred dollars, nor less than thirty dollars, or by imprisonment not exceeding six months.

Section 11, provides that "every such poor and indigent person may be removed from said county, by order of the court of common pleas, into the county from which he was so brought, as aforesaid.

It was held in *Booth & als.* v. *Hillsborough County*, Sullivan County, December Term, 1863, that section 11 of this chapter was intended to furnish an additional remedy by giving authority to the court to return the poor person to the county from which he was brought, after it had been ascertained that the provisions of sec. 10 of the same chapter had been violated.

In other words, that " such poor and indigent person" as may be removed by the court to the county from which he was brought, by virtue of sec. 11, must be such an one as has been brought into, and left in, the county, in violation of the provisions of sec. 10.

In Massachusetts, it has been held under a statute with similar provisions to ours, that, to make out the offence under sec. 10, the pauper must have been brought into, and left in, the county by some person, with culpable intent, holding that the word " knowingly" in that connection must necessarily imply such culpable intent.    *Greenfield* v. *Cushman*, 16 Mass. 392 ; *Deerfield* v. *Delano*, 1 Pick. 465, 469.

The petition should allege all the facts that are material to be proved. But this petition does not allege that the pauper was brought into the county of Merrimack by any person knowing him to be poor, &c.    It is, therefore, insufficient, and the *demurrer is sustained.*

On motion, the plaintiff had leave to move at the trial term for leave to amend his petition.